(No. 87-CC-0131—

Charles S. Terry, Sr., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed December 19, 1988.*

Charles S. Terry, Sr., *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES MAJORS, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This is a prisoner personal property case. Claimant seeks recovery for personal property of Claimant allegedly removed from his possession on May 7, 1986, by Respondent's agents. The property consisted of a 14-karat gold chain, a silk tee-shirt and a torn sheet. The amount claimed is $195.81.

We cannot reach the merits of this claim. This matter was first called for hearing on July 17, 1987, at Menard Penitentiary. On that occasion, Claimant acknowledged that he sought no relief from the administrative review board. Claimant also stated that he had failed to address any grievance to the institutional inquiry board. The case was continued generally in order to allow Claimant to pursue his administrative remedies.

This matter was again called for hearing before the Court of Claims August 26, 1988. The record revealed that Claimant had received a decision of the institutional inquiry board. Claimant contends that he "wrote Springfield, the Administrative Review Board." Claimant contended that he had not heard from the administrative review board. Claimant kept no copy of his correspondence with the administrative review board. Interrogation by the State revealed that Claimant had not had a hearing before the administrative review

board in Springfield. Thus, it appears that Claimant did not exhaust his administrative remedies in accordance with section 790.60 of the Court of Claims Rules (74 Ill. Adm. Code 790.60).

In light of the fact that Claimant has sought final determination of this claim without exhausting administrative remedies, this claim must be denied.

It is ordered, adjudged and decreed that this claim is dismissed.