(No. 91-CC-0981)

SHARIF RAHEEM, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1994.*

SHARIF RAHEEM, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTOPHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent, State of Illinois, based on allegations that the State is responsible for Claimant's loss of a religious article of wearing apparel, a religious cap known as a Muslim Kufi. The damages sought are $30.

At the hearing in this cause, Claimant testified that the article of apparel at issue was "religious headgear."

Claimant was wearing the article at the Vienna Correctional Center. Claimant was asked by an officer what the designs on the article of apparel meant and Claimant advised the officer that they didn't mean anything. Claimant was instructed to talk to a lieutenant concerning the matter and Claimant's article of apparel was then confiscated. Claimant received a disciplinary ticket for wearing the article of apparel apparently based on Respondent's agents' belief that the article of apparel was gang related.

Claimant's grievances were denied and his appeal to the Administrative Review Board in Springfield was not heard, apparently on the basis that it had not been timely filed.

Respondent's Exhibit 1 was offered and admitted into evidence as a departmental report. The exhibit was from the claims coordinator for the Illinois Department of Corrections to the Illinois Attorney General's Office noting that Claimant's claim should be denied recovery for the reason that Claimant had not exhausted his administrative remedies. Claimant contends that he was aware of the process for filing grievances with both the institution and the Administrative Review Board. However, Claimant contends that the time the person had to respond from a denied grievance to seek review with the Administrative Review Board was not specified on any of the materials he had received.

The State called no witnesses. Neither party filed a brief.

This case is governed by the rule established in *Terry v. State* (1988), 41 Ill. Ct. Cl. 164. In *Terry*, the record revealed that the claimant had received the decision of the Institutional Inquiry Board. The claimant in *Terry* contended that he "wrote Springfield, the Administrative Review Board." That claimant contended that he

had not heard from the Administrative Review Board. That claimant kept no copy of his correspondence with the Administrative Review Board. Interrogation by the State revealed that the claimant had not had a hearing before the Administrative Review Board. Thus, this Court concluded that the claimant had not exhausted his administrative remedies in accordance with section 790.60 of the Court of Claims Regulations. (74 Ill. Adm. Code 790.60.) In light of the fact that claimant had sought a final adjudication of his claim without exhausting administrative remedies, the claim in *Terry, supra*, was denied.

The present facts are similar to the facts in *Terry, supra*. Claimant failed to timely file for a hearing before the Administrative Review Board. For the foregoing reason that Claimant has failed to exhaust his available remedies, this claim is denied.