(No. 91-CC-1557)

MALCOLM JENNINGS, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1994.*

MALCOLM JENNINGS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTOPHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

Claimant, Malcolm Jennings, an inmate with the Illinois Department of Corrections, seeks judgment against the State of Illinois in the sum of $85 based on allegations that Claimant was deprived of a pair of basketball shoes while they were entrusted to the exclusive care of Respondent. Claimant contends that on December 2, 1989, he was removed from Menard Correctional Center on a medical writ to Chester Memorial Hospital. Upon arriving at the hospital, Claimant was instructed by escorting officers to remove his clothing which was placed in the exclusive possession of the officers. After Claimant was released from Chester Memorial Hospital and returned to Menard Correctional Center a day later, Claimant requested that his clothing be brought to him. Claimant's complaint alleges that his clothing could not be found.

Upon hearing, Claimant testified that when he was taken to the hospital on December 22, 1989, he was

wearing a pair of Nike solo flight basketball shoes, and upon arriving at the hospital, he was asked to remove the clothing so that it could be taken back to the correctional center.

Claimant filed a grievance for the loss of his basketball shoes at the institutional level, but was unable to obtain redress. On February 26, 1990, Claimant sent a grievance to the Administrative Review Board that he had "waited too long to file a grievance."

Claimant contends that the shoes had been brand new in the month before their loss and that he had only worn them three times, namely twice on a visit and once to the hospital. Claimant contends that a pair of shoes of the kind in question would have lasted a year.

Claimant stated that he bought the shoes from the Chernins Shoe Store in Chicago.

Claimant denied any understanding of the time limitations on review to the Administrative Review Board under rule 504-F.

The departmental report was submitted in this case which contained correspondence from the claims coordinator for the Illinois Department of Corrections addressed to the Attorney General dated December 19, 1990, purporting to reflect that Claimant had violated Departmental Rule 504-F in that his grievance had not been submitted in a timely manner. Rule 790.140 of this Court provides that all records and files maintained in the regular course of business by any department, commission, board, agency or authority of the State of Illinois, and all departmental reports made by any officer thereof relating to any matter or case pending before the Court, shall be *prima facie* evidence of the facts set forth therein; provided, a copy thereof shall have been first

duly mailed or delivered by the Attorney General or the legal counsel of the appropriate state agency to the Claimant, or his attorney of record, and five copies filed with the clerk. The departmental report was received by the Commissioner one week before the hearing, having been submitted from the office of the clerk of the Court with correspondence dated eight days before the hearing.

Respondent offered no evidence. Neither party filed a brief.

In *Terry v. State* (1988), 41 Ill. Ct. Cl. 164, this Court denied the claim of a claimant because that claimant had not sought relief from the Administrative Review Board. In the *Terry* case, the claimant contended that he wrote the Administrative Review Board in Springfield and contended that he had not heard from the Board. As in the case at bar, claimant produced no copy of any correspondence with the Administrative Review Board and admitted that he had not had a hearing before the Administrative Review Board. In *Terry, supra*, this Court concluded that the claimant had not exhausted his administrative remedies in accordance with section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) and denied the claim.

There is unrebutted *prima facie* evidence in the record in this case that Claimant did not appropriately seek to exhaust his administrative remedies in accordance with the rules governing grievances before the Administrative Review Board. A failure to exhaust administrative remedies because of a failure to follow the required procedures is no different than making no attempt to exhaust administrative remedies at all. Claimant has sought a final adjudication of his claim without exhausting his administrative remedies.

Based on the foregoing, it is the order of the Court that this claim be and hereby is denied.